# **EXHIBIT 1**

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>17-012515-CZ<br>Hon. David J. Allen |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                       Court Telephone No. 313-224-5243

| **Plaintiff**<br><br>TROY'S TOWING | v | **Defendant**<br><br>CUMMINS SALES AND SERVICE, INC. |
|---|---|---|
| **Plaintiff's Attorney** | | **Defendant's Attorney** |

**SUMMONS  NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party
   **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>8/22/2017 | This summons expires<br>11/21/2017 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains       ☐ is no longer pending.      The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains       ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Detroit, MI | Defendant(s) residence (include city, township, or village)<br>Dearborn, MI |
|---|---|
| Place where action arose or business conducted<br>Dearborn, MI | |

30 Aug 2017
Date                                          Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)
(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN
3RD JUDICIAL ~~DISTRICT~~ COURT FOR THE COUNTY OF WAYNE
CIVIL DIVISION

TROY'S TOWING, INC.
      PLAINTIFF,

                                     CASE NO.: -CZ

-V-
                                       HON.:

CUMMINS SALES AND SERVICE, INC.
      DEFENDANT.
                                         ~~17-~~012515-CZ

WOODSON LEGAL CENTER, PLLC
DANIEN C. WOODSON (P68870)
18097 MANSFIELD
DETROIT, MI 48235
(313) 598-2002
DANIENWOODSON@GMAIL.COM

FILED IN MY OFFICE
WAYNE COUNTY CLERK
8/22/2017 1:24:57 PM
CATHY M. GARRETT

<u>PLAINTIFF'S COMPLAINT FOR VIOLATION OF</u>

<u>THE MOTOR VEHICLE SERVICE AND REPAIR ACT</u>

      There are no prior or current causes of action between the above captioned parties regarding the allegation stated below.

      PLAINTIFF, TROY'S TOWING, INC., through its attorney, DANIEN C. WOODSON, states the following:

<u>Venue and Jurisdiction</u>

1. Plaintiff is a company incorporated in Michigan with its headquarters in Detroit, MI.

2. Defendant is a company that operates in Dearborn, MI.

3. The transaction or subject matter of this dispute occurred in Dearborn, MI.

4. The amount in controversy does not exceed $25,000.00

<u>General Allegations</u>

5. Plaintiff incorporates by reference paragraphs 1-4.

6. On or about 22 March 2017, Plaintiff brought its 2013 Ford F650 Flatbed Carrier Vehicle to Defendant's service shop for a diagnostic due to the check engine light for high crank pressure.

7. The sensors indicated high crank case pressure, turbocharger and actuator.

8. Defendant replaced turbo, actuator, def doser, and crank case breather filter.

9. After the repairs, Defendant ran another diagnostic; no faults were indicated, and the vehicle was returned to the Plaintiff. The repair was covered under the Emissions Warranty.

10. On or about 3 April 2017, Plaintiff returned the vehicle for the same issue: check engine light for High crank case pressure.

11. Defendant removed valve cover and found leaking valve guide seals, which can cause high crank case pressure.

12. When Defendant replaced valve guide seals, the mechanic broke some of the internal valves.

13. After the repairs Defendant ran another diagnostic.

14. While the unit was being run on the diagnostic machine, the engine dropped an exhaust valve.

15. On or about 12 April 2017, Defendant started the repairs for the dropped exhaust valve.

16. Defendant replaced pistons, cylinder head, turbo, 2 fuel injectors, air filter, and crank case breather filter.

17. When the Defendant completed its repairs and ran another diagnostic, the sensors continued to log faults for high crank case pressure.

18. The vehicle is still at the Defendant's place of business and is now inoperable.

<u>Violation of the Motor Vehicle Service and Repair Act</u>

19. Plaintiff incorporates by reference paragraphs 1-18.

20. MCL 257.1307a prohibits a motor vehicle repair facility from failing to perform the agreed upon repairs either within the time promised or within a reasonable amount of time.

21. The most recent communication from Defendant regarding the state of repairs was an email from Defendant's service manager dated 24 May 2017, two months from the initial service appointment for the same problem.

22. Presently, pursuant to MCL 257.1307(m) (vii), Defendant has failed to provide Plaintiff with a certification of completed authorized repairs or a detailed explanation regarding its inability to repair the vehicle.

23. The aforementioned vehicle has not been repaired, and Plaintiff has not been provided with an updated estimate of needed repairs and completion date, and is without a vehicle that is an integral part of its commercial enterprise.

WHEREFORE, for the aforementioned reasons, PLAINTIFF, respectfully requests this Honorable Court grant Plaintiff a judgment in the amount of $500,000.00, plus costs and fees, and any other remedy this Honorable Court deems equitable.

Respectfully submitted,

Dated: 21 August 2017

/s/Danien C. Woodson

Danien C. Woodson

Attorney for Plaintiff